## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHAN HARARY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br><br>IC SYSTEM, INC.  and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff NATHAN HARARY (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant IC SYSTEM, INC.  (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9.  Defendant is a collection agency with its principal office located at 444 Highway 96 East, PO Box 64378, St. Paul, Minnesota 55164-0378.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

> All consumers with an address in the state of New Jersey who received a collection letter from the Defendant attempting to collect a debt or alleged debt owed to T Mobile USA Inc. that charged a collection charge amount not authorized by the agreement creating the debt or permitted by law.

14. The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection notices similar to Exhibit A from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form collection notice;

3

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.    Whether Defendant violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

17. Some time prior to March 15, 2016, an obligation was allegedly incurred to T Mobile USA Inc.

18. The T Mobile obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The alleged T Mobile obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. T Mobile is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. Defendant contends that the T Mobile debt is past due.

22. Defendant collects and attempts to collect debts incurred or alleged to have been incurred

for personal, family or household purposes on behalf of creditors using the United States

Postal Services, telephone and internet.

23. T Mobile hired the Defendant to collect on the alleged debt.

24. On or about March 15, 2016, the Defendant caused to be delivered to the Plaintiff a

collection letter in an attempt to collect the alleged T Mobile debt. *See* **Exhibit A.**

25. The March 15, 2016 letter was sent or caused to be sent by persons employed by Defendant

as a "debt collector" as defined by 15 U.S.C. §1692a(6).

26. The March 15, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27. The front portion of the letter states:

| ACCOUNT SUMMARY | | |
|---|---|---|
| Creditor:  T Mobile USA Inc. | Principal Due: | $58.06 |
| Account No.:  XXXX3729 | Collection Charge Due: | $14.52 |
| I.C. System Reference No.:XXXXX11-1-99 | **BALANCE DUE:** | **$72.58** |
| | $0.00 had been Paid Since Placement | |

28. A collection charge of $14.52 on an alleged debt of $58.06 is in excess of twenty five

percent (25%).

29. Upon information and belief, there is no legal or contractual right for Defendant to assess

a collection charge in excess of twenty five percent.

30. By falsely representing a collection charge fee amount, to which the Defendant is not

entitled to, Defendant caused the Plaintiff a real risk of harm.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15  U.S.C. §1692e *et seq.*

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

32. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2) and 1692e(10).

33. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. The Defendant violated said section by:

- Falsely representing the amount of the debt in violation of 15 U.S.C. §1692e(2)(A);

- Using a false representation or deceptive means to collect or attempt to collect any debt in violation 15 U.S.C. §1692e(10).

35. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692f *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated 15 U.S.C. § 1692(f) of the FDCPA.

38. Pursuant to 15 U.S.C. § 1692(f)1, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.   Without limiting the general application

of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

39. Defendants violated said section by charging a collection cost not expressly authorized by the agreement creating the debt or permitted by law.

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 23, 2017

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff


*/s/ Ari H. Marcus*
Ari Marcus, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuslawnj.com
*Attorneys for Plaintiff*


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  February 23, 2017                          By: /s/ Yitzchak Zelman
                                                                  Yitzchak Zelman, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: February 23, 2017                          By: /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.